IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY LAWSON | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. DKC-06-2590 |
| WARDEN | * | |
| Defendant. | | |
| | *** | |

**MEMORANDUM**

Procedural History

On October 3, 2006, the court received a letter from Jeffrey Lawson ("Lawson"), an inmate confined at the Western Correctional Institution ("WCI") in Cumberland, Maryland, complaining that a contract has been placed on his life by a lead member of the D.M.I. prison gang, which has a large number of members housed at WCI. Lawson further states that WCI authorities were placed on notice of the threat and supporting testimonial evidence was offered. He alleges that a prison investigation into his claim was closed without any action taken, that he comes off disciplinary segregation in 60 days, and that he has been told he will be going back into general population. Lawson seeks protective custody assignment.

Lawson's letter was construed as a 42 U.S.C. § 1983 civil rights complaint for injunctive relief. On October 26, 2006, a court-ordered response was filed by WCI Warden Jon Galley. Paper No. 3. The response was treated as a summary judgment motion and Lawson was notified that he was entitled to file opposition materials. He has filed two separate responses. Paper Nos. 6 & 7. Defendant did not respond to the opposition pleadings. A hearing is not needed to resolve the constitutional issues presented in the matter. *See* Local Rule 105.6. (D. Md. 2004). For reasons which follow, the court shall deny Defendant's Motion, require a supplemental response from Defendant, and grant Lawson limited and temporary injunctive relief.

Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

To meet the standard for establishing a failure-to-protect claim under the Eighth Amendment, Lawson must project evidence that WCI officials know of and disregard an excessive risk to his health and safety; the officials must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rich v. Bruce,* 129 F.3d 336, 339-40 (4th Cir. 1997). Further, Lawson may only be granted injunctive relief if he can demonstrate: (1) the likelihood he will be irreparably harmed if emergency relief is denied; (2) the likelihood that Defendant will not be harmed if the requested relief is granted; (3) the likelihood that he will succeed on the merits; and (4) the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977).

Analysis

According to Defendant, Lawson alleged that his life was in danger from D.M. I.[1] at WCI and as a result on June 22, 2006, he was placed on administrative segregation status while his allegations were investigated. Paper No. 3, Ex. 1, Nines Decl.; Ex. 2. Warden Galley claims that Lawson was removed from administrative segregation status on June 29, 2006, because the investigation found Lawson's claims to be "very vague" and "unsubstantiated."[2] *Id*., Ex. 1, Nines Decl.; Exs. 3 & 4. Defendant further states that Lawson has no documented enemies at WCI. *Id*., Ex. 1, Nines Decl.; Exs. 4-5. Lawson, who remains on disciplinary segregation status for a number of institutional rule violations, is presently scheduled to be released from segregation and returned to general population after his disciplinary segregation sentences are completed on December 9, 2006. *Id*., Ex. 1, Nines Decl.

Defendant further asserts that WCI maintains an Intelligence Office which gathers and assesses information about gang activity. *Id*., Ex. 6, Nines Decl. A member of the Intelligence Office, Lt. Michael Malloy, affirms that he has at no time received any information that Lawson's life has been threatened. *Id*., Ex. 7, Malloy Decl.

In his opposition responses, Lawson alleges that he and his cell buddy have provided detailed information to WCI and Department of Correction officers and authorities concerning specific acts and identities of D.M.I. members at WCI and the threats to Lawson's life. Paper Nos. 5 & 7. He claims that D.M.I. members are housed throughout WCI and that his removal from segregation into population will place him at immediate risk of harm. *Id*.

---

[1] Lawson informed WCI personnel that D.M.I. had placed a "hit" on him because he had allegedly "snitched" on the gang and that D.M.I had unsuccessfully recruited his cell buddy to carry out the "hit." Paper No. 3, Ex. 3.

[2] Counsel for Warden Galley proffers that D.M.I. stands for "Deadman, Incorporated" or "Deadman, Inc."

3

The undersigned finds it inappropriate to grant summary judgment at this particular time. The limited materials currently before the court show that Lawson was placed on administrative segregation in June of 2006, pending investigation into his claims that D.M.I. had placed a "hit" on his life. The scope and nature of the investigation is unclear and it was concluded five days later, with the recommendation to remove Lawson from administrative segregation because his claims were vague and unsubstantiated. In his responses, however, Lawson continues to complain of a specific threat to his life and he sets out a detailed chronology of what and when supporting information was provided to prison personnel and officials and to whom it was provided. Defendant has not replied to those responses, leaving this court with a material question as to what information was communicated to WCI officials, to whom it was communicated, and whether the response to Lawson's claims is constitutionally adequate.[3]

## Conclusion

For the aforementioned reasons, summary judgment shall be denied. In light of the fact that Lawson is scheduled to be removed from segregation into the general population effective December 9, 2006, and there are continued questions regarding his safety, the court shall grant a temporary restraining order for a ten day period pursuant to Fed. R. Civ. P. 65(b), which enjoins Lawson's transfer into the WCI general population. Defendant shall file any responsive materials in support of the dissolution or modification of the restraining order. Further, in order to properly present a case for judicial consideration: (1) Lawson shall be required to submit the civil filing fee or an

---

[3] This court is mindful that its examination of the day-to-day custody, security, and classification operations and decisions of prisons is limited   It will not substitute its judgment for the decisions of classification and security personnel. Nonetheless, when scrutinizing the case and the limited material presented to the court, the undersigned cannot state at this juncture that WCI personnel have met Eighth Amendment standards with regard to Lawson's safety.

indigency application in lieu thereof; (2) the Office of the Attorney General for Maryland shall inform this court whether it will accept service of process on Defendant, and if so, shall answer the Complaint in accordance with applicable federal rules and administrative orders; and (3) Lawson is granted additional time to request the appointment of counsel in this matter. A separate Order follows.

Date:   12/7/06                                               /s/
                                                              DEBORAH K. CHASANOW
                                                              United States District Judge